IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RAFFAELE | : | CIVIL ACTION |
| v. | : | |
| JOHN E. POTTER | : | NO. 09-3622 |

O'NEILL, J.                                                                                 March 4, 2010

## MEMORANDUM

Plaintiff Michael Raffaele, a United States Postal Service employee, filed a complaint against defendant Postmaster General John E. Potter alleging age and sex discrimination as well as retaliation. 29 U.S.C. § 621 et seq., as amended (Age Discrimination in Employment Act), 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964). I have before me defendant's motion for partial dismissal or, alternatively, for partial summary judgment, plaintiff's response, defendant's reply, and plaintiff's sur-reply. The parties also submitted a stipulation to clarify which factual allegations are not relied upon as a basis for liability under any of the three counts in the complaint. Furthermore, on January 7, 2010, in light of the fact that both the defendant and plaintiff presented matters outside of the pleadings, I ordered the motion to dismiss be treated as a motion for summary judgment. Thus, I also have before me plaintiff's supplemental opposition brief.

## BACKGROUND

Plaintiff is a 53-year old male who is employed by the USPS as the Postmaster of the Warminster, Pennsylvania Post Office. Between 2006 and 2009 he submitted dozens of hiring requests to fill vacancies, most of which were never filled. During this same time period, some of the hiring requests of Lisa Layman, Postmaster of the Norristown, Pennsylvania Post Office,

who is younger and female, were approved. Because plaintiff's hiring requests were not approved, there was a staff shortage. Plaintiff claims that the staff shortage caused him stress, to receive lower performance ratings and a reduction in merit and retirement pay.

I.    **First EEO Complaint**

On November 27, 2007, plaintiff requested an appointment with a USPS Equal Employment Office Dispute Resolution Specialists ("EEO counselor"). Plaintiff signed an Information for Pre-Complaint Counseling form ("IPC") on December 6, 2007 which was received by the EEO on December 10, 2007.[1] The IPC–filed by plaintiff without the assistance of counsel–alleged that defendant discriminated against him based on his age, race and sex when his hiring requests were not approved. Plaintiff submitted a letter to the EEO dated December 7, 2007 and received on January 8, 2008 amending the list of "Official(s) Responsible for Action(s)" in the IPC. On February 14, 2008, the EEO received a revised IPC which added plaintiff's attorney as his representative. Thereafter, no other changes were made to the IPC.[2]

On March 3, 2008, plaintiff filed an "EEO Complaint of Discrimination in the Postal Service." The EEO complaint alleged age discrimination but not race or sex discrimination as alleged in the IPC.[3] Plaintiff omitted the sex discrimination claim from the EEO complaint

---

[1]  The parties dispute the actual filing date for the Information for Pre-Complaint. Plaintiff contends that it was November 27 and defendant contends it was December 10. However, it is undisputed that he contacted the EEO counselor on November 27, 2007.

[2]  Plaintiff states that while the IPC was "pending" he added a claim of retaliation. Pl. Opp. Mot. Summ. J., 1. However, he points to no evidentiary support for this statement.

[3]  In response to question 14 of the EEO complaint, which asks complainants to mark the check boxes next to the "Type of Discrimination You Are Alleging," plaintiff selected "Age" and "Retaliation;" he did not check "Sex." In response to question 16, which asks for a narrative explanation of the discrimination suffered, plaintiff wrote:

"because he did not have sufficient evidence to support this theory of liability." Pl. Opp. Mot. Summ. J., 2 and Pl. Aff. at 2. The EEO complaint also added a charge of retaliation in response to a "message [that] was sent to him, i.e. 'he does not know who he is dealing with.'"

On the same day, plaintiff filed his EEO complaint, March 3, 2008, the EEO issued an Acceptance For Investigation notice which stated,

> We have reviewed your complaint of discrimination filed on March 3, 2008. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:
> <u>Specific Issue(s)</u>: The Complainant alleges discrimination based on Age . . . and Retaliation (for EEO activity) . . . .
> If you do not agree with the defined <u>accepted</u> issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the EEO Services Analyst . . .

The notice informed plaintiff that the investigation would be completed within 180 calendar days of the date of his filing the EEO complaint unless the investigation period was extended by agreement in writing. The notice stated that the investigation period could also be extended an additional 180 days from the date of any amendment made by plaintiff.

On March 18, 2008, plaintiff's attorney sent a letter to the EEO objecting to the phrasing of the retaliation issue. On March 21, 2008, the EEO notified plaintiff that the scope of the investigation would be modified accordingly.

On June 6, 2008, the investigation of plaintiff's EEO complaint was completed and

---

> Since April of 2007, Complainant has been denied the required complement which has negatively affected his performance, working conditions, and emotional state. When he filed and [sic] EEO complaint (informal) a message was sent to him, i.e. 'He does not know who he is dealing with.' Clearly, a retaliatory [sic]. Complainant will provide more details on his affidavit."

plaintiff was provided with a copy of the investigative report. At that point, plaintiff had the option to have his case heard by an Administrative Judge or request that the agency head or designee render a final agency decision without a hearing. Plaintiff elected to have his case heard by an Administrative Judge. A settlement conference was held on February 11, 2009 before Administrative Judge Charetta Harrington. Plaintiff's counsel "advised Agency Counsel that [plaintiff] was adding a claim of sex discrimination" during this conference. Pl. Opp. Mot. Summ. J., Pl. Aff. at 4. Defendant objected to the amendment, "but the Administrative Judge . . . overruled the objection and stated that a Complainant can add another theory of discrimination at any time." Id. On March 28, 2009, plaintiff served on defendant his Pre-Hearing Statement in which he indicated again that he was alleging discrimination based on sex and age as well as retaliation.

Subsequently, plaintiff withdrew his request to have his case heard by an Administrative Judge and the case was remanded to the EEO on April 13, 2009 for a final agency decision without a hearing. Plaintiff's counsel sent a letter dated April 20, 2009 to defendant's counsel which confirmed his intent to request a final agency decision without a hearing and also stated,

> Complainant advised the Agency during the Settlement Conference that he was also alleging disparate treatment based on gender and addressed this issue on [sic] his pre hearing submission. As you know, the Administrative Judge stated that a complainant can alleged [sic], at any time, another theory of liability based on the same facts. As such, I respectfully requests [sic] that the Final Agency Decision addressed [sic] the issues raised in Complainant's pre-hearing submissions.

The Final Agency Decision was issued on May 18, 2009 and found that the evidence did not support a finding that plaintiff was subjected to discrimination.

4

## II. Second EEO Complaint

Before the Final Agency Decision was issued for plaintiff's first EEO complaint, he filed a second EEO complaint on August 19, 2008. This EEO complaint alleged retaliation for being instructed to observe the dispatch area of the USPS's Southeast Facility. The EEO issued its Final Agency Decision on the second EEO complaint on January 15, 2009 finding the complaint failed to state a claim.

Presently, defendant moves for summary judgment on count II (sex discrimination) and that portion of count III (retaliation) that relies on Title VII; defendant does not move for summary judgment with respect to the portion of count III that is brought pursuant to the ADEA. Furthermore, defendant moves for summary judgment on plaintiff's claims that occurred prior to October 12, 2007 and after March 6, 2008. Plaintiff has stipulated that he does not rely on the allegations that he was wrongfully forced to observe the Southeastern Facility or that his hiring of a custodian in early 2009 was improperly delayed or denied as bases for alleged liability.

## STANDARD OF REVIEW

Rule 56© of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317,

5

322 (1986). The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. Id. at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255.

When a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). However, the "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the moving party. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978), citations and quotation marks omitted.

ANALYSIS

Defendant makes three arguments in support of his motion for partial summary judgment. First, defendant argues that because plaintiff failed to claim sex discrimination in his EEO complaint that claim must be dismissed. Second, defendant argues that plaintiff's retaliation claim related to his assignment to the Southeast Facility must be dismissed because his complaint in this Court was not timely filed. Third, defendant contends that plaintiff was required to consult with an EEO counselor within 45 days of experiencing discrimination and that those alleged acts of discrimination which occurred more than 45 days prior to his contacting an EEO

counselor and those which occurred after he filed his EEO complaint must be dismissed for failure to exhaust administrative remedies. Each of these arguments will be addressed in turn.

**I.      Sex Discrimination Claim**

Defendant seeks summary judgment on count II of plaintiff's complaint alleging sex discrimination and that portion of count III for retaliation based upon sex discrimination. He argues that plaintiff failed to exhaust his administrative remedies with respect to the charge of sex discrimination.

**A.      Regulations Governing Federal Sector Employment Discrimination**

A claim of federal employment discrimination must first be reported to an EEO counselor at the employee's agency within 45 days of the date of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). The purpose of the consultation with the counselor is "to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). After this consultation, a complaint must be filed with the agency's EEO office. The complaint must contain a statement signed by the complainant or his attorney that is "sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. § 1614.106©.

After the initial filing, the EEO agency then commences an investigation which it is required to conduct

> within 180 days of the filing of the complaint unless the parties agree in writing to extend the time period. When a complaint has been amended, the agency shall complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint, except that the complainant may request a hearing from an administrative judge on the consolidated complaints any time after 180 days from the date of

the first filed complaint.

29 C.F.R. § 1614.106(e)(2). Upon the completion of the EEO agency investigation, the investigation file is sent to the complainant who then has 30 days to request a hearing and decision from an administrative judge or an immediate final decision from the EEO agency. 29 C.F.R. § 1614.108(f). "A complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint." 29 C.F.R. § 1614.106(d). Furthermore, "[a]fter requesting a hearing, a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint." Id. The purpose of permitting an administrative judge to amend an EEO complaint is "to promote efficiency by allowing an administrative judge to hear new issues and claims that are similar enough to the original complaint that extensive additional development of the evidence would not be required." Twisdale v. Snow, Civ. A. No. 04-00986, 2005 WL 4600225, at *5 (S.D. W. Va. Aug. 17, 2005).

### B. Administrative Exhaustion Requirement

A plaintiff alleging discrimination pursuant to Title VII must first exhaust his administrative remedies prior to bringing a claim in federal court. 42 U.S.C. § 2000e-16©; Burgh v. Borough Counsel of Montrose, 251 F.3d 465, 469 (3d Cir. 2000). The Court of Appeals has recognized that this exhaustion requirement serves two purposes:

> First, it puts the employer on notice that a complaint has been lodged against [it] and gives [it] the opportunity to take remedial action. Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of seeking to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir. 1983). "The relevant test in determining whether [plaintiff] was required to exhaust [his] administrative remedies [ ] is whether the acts alleged in the subsequent . . . suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984)). "It is of no moment whether the EEOC actually investigated the claim; it is the opportunity to do so that is key." Fitzgerald v. Henderson, 36 F. Supp. 2d 490, 499 (N.D.N.Y. 1998) (citations omitted), aff'd in part, vac'd in part on other grounds 251 F.3d 345 (2d Cir. 2001).

Administrative exhaustion requires that all claims of discrimination be asserted in the administrative complaint. This serves the purposes identified by the Court of Appeals of notice to the agency-employer and the EEO investigative agency. Thus, allegations made in a pre-complaint intake form must be included in a complainant's subsequent formal charge, which provides notice to the defendant and defines the scope of the agency investigation. See Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 788 (W.D. Pa. 2000) ("If we made the allegations in the intake questionnaire part of the charge itself, and therefore permitted the plaintiff to pursue claims made only in the questionnaire and not investigated by the EEOC, we would be circumventing the role of the Commission as well as depriving the defendant of notice of all claims against it.")[4] However, when an EEO complaint is properly amended, the Court may

---

[4] See also Binder v. PPL Services Corp., Civ. A. No. 06-2977, 2009 WL 3738569, at *5 (E.D. Pa. Nov. 5, 2009) ("Courts in this Circuit have uniformly held that intake questionnaires do not serve the same function as the formal charge, are not part of the formal charge, and therefore do not satisfy the exhaustion requirement in circumstances where a claim marked off in the questionnaire is omitted from the charge and where the EEOC or other state administrative commission does not investigate the omitted claim.") (citations omitted).

9

consider all of the new issues included in the amended Complaint. See Hutchinson v. Holder, Civ. A. No. 09-0718, 2009 WL 3792311, at *7 (D.D.C. Nov. 12, 2009) (holding amended EEO complaint was properly before the Court); Twisdale, 2005 WL 4600225, at *5-6.

> C. **Plaintiff Properly Amended His Complaint to Include the Allegation of Sex Discrimination and the Claim Was Exhausted at the Administrative Level**

Here, plaintiff's IPC stated that sex, in addition to race and age, was a basis for the alleged discrimination. Plaintiff offered as proof of the alleged discrimination his belief that the Postmaster of the Norristown Post Office, whom he stated was a "younger [] female," was authorized to hire career employees. However, when plaintiff filed his EEO complaint on March 3, 2008 he did not indicate that the discrimination he allegedly suffered was based on sex. Consistent with plaintiff's EEO complaint, the EEO's notice of Acceptance of Investigation lists the specific issues to be investigated as "discrimination based on Age . . . and Retaliation (for EEO activity)." Prior to the close of the investigation, plaintiff did not amend the issues for investigation by adding a claim of sex discrimination.[5]

Defendant's motion primarily argues that plaintiff's sex discrimination claim should be dismissed because it was not contained in the EEO complaint. While it is true that an intake questionnaire does not serve the same purpose as a formal charge and that the scope of a complaint should be construed in light of the resulting investigation, defendant's motion overlooks plaintiff's subsequent amendment of his EEO complaint before the Administrative Judge. Def. Mot. Summ. J., 14 (citing Early v. Bankers Life and Cas. Co., 959 F.2d 75, 80-81 (7th Cir. 1992)) and 17 (citing Antol, 82 F.3d at 1295-96).

---

[5] Plaintiff's counsel did send a letter to the EEO requesting that the EEO amend plaintiff's EEO complaint with respect to his retaliation claim.

After the investigation closed, plaintiff requested a hearing before an Administrative Judge. A settlement conference was held on February 11, 2009 before the Administrative Judge. She explained to plaintiff that compensatory damages are unavailable for him, a federal employee, on an age discrimination claim. See Lehman v. Naksian, 453 U.S. 156 (1981). In return, plaintiff "advised Agency Counsel that I was adding a claim of sex discrimination, because women postmasters had submitted and were approved more requests for staffing." Pl. Opp. Mot. Summ. J., Pl. Aff. at 4. In his Reply, defendant argues that the EEO complaint was not amended because while plaintiff's counsel stated that he intended to amend the complaint, "plaintiff never formally filed a request to amend with the administrative judge nor actually amended the complaint." Def. Reply, 6. Plaintiff, however, states that "[t]he Agency objected, but the Administrative Judge . . . overruled the objection and stated that a Complainant can add another theory of discrimination at any time." Pl. Opp. Mot. Summ. J., Pl. Aff. at 4; see also Def. Mot. Summ. J., Meingossner Aff. Ex. 8 (letter dated April 20, 2009 from plaintiff's counsel to defendant's counsel stating "Complainant advised the Agency during the Settlement Conference that he was also alleging disparate treatment based on gender and addressed this issue on [sic] his pre hearing submission. As you know, the Administrative Judge stated that a complainant can alleged [sic], at any time, another theory of liability based on the same facts. As such, I respectfully requests [sic] that the Final Agency Decision addressed [sic] the issues raised in Complainant's pre-hearing submissions."). Furthermore, it is undisputed that plaintiff filed a Pre-Hearing Statement which alleged a claim of sex discrimination on March 28, 2009. I find that plaintiff's statements to the Administrative Judge at the settlement conference and his subsequent filing of the Pre-Hearing Statement constituted an amendment of his EEO complaint

11

to add a claim of discrimination. Thus, defendant's first argument fails.[6]

Defendant also argues that because plaintiff subsequently withdrew his request to have the matter heard by an Administrative Judge, his amendment before that Judge is essentially null and void for purposes of the Final Agency Decision. This issue is a matter of first impression in this Circuit. However, I do not agree that just because the EEO did not address the sex discrimination claim in its Final Agency Decision that I should therefore find plaintiff failed to exhaust his administrative remedies. Rather, I conclude from these facts that because the EEO "failed to treat [plaintiff's amendment] as a charge in the first instance, both sides lost the benefits of [Title VII's] informal dispute resolution process." Federal Exp. Corp. v. Holowecki, 552 U.S. 389, 407, 128 S. Ct. 1147, 1160 (2008). Furthermore, "the ultimate responsibility for establishing a clearer, more consistent process lies with the agency." Id.

I find that plaintiff exhausted his administrative remedies with respect to his claim for sex discrimination and retaliation. Plaintiff properly amended his EEO complaint before the

---

[6] Defendant also appears to argue in the alternative that the Administrative Law Judge erred in amending plaintiff's EEO complaint because plaintiff's sex discrimination claim is not like his age discrimination claim. Def. Reply, 5 n. 2 (citing Antol, 82 F.3d at 1296 (finding that plaintiff's disability discrimination charge did not fairly encompass a claim for gender discrimination)) ; Noel v. The Boeing Co., Civ. A. No. 06-2673, 2008 WL 1999757, at *18 (E.D. Pa. May 8, 2008) (finding plaintiff had not exhausted administrative remedies with respect to retaliation claim); Dela Cruz v. Piccari Press, 521 F. Supp. 2d 424, 434-35 (E.D. Pa. 2007) (same). The cases defendant cites are not on point because they involve Courts' refusals to hear claims which were not like or included in the underlying administrative complaints. The cases do not involve the ability of an Administrative Judge to amend an EEO complaint when the matter is still pending at the administrative level and the Court's subsequent ability to hear the claim. Furthermore, defendant cites no case law for the proposition that I can overrule an Administrative Judge's decision to amend an administrative complaint. See Hutchinson, 2009 WL 3792311, at *7 ("Defendant cites no law to support its contention that this Court may overturn the decision of ALJ Furcolo to amend [plaintiff's] complaint to add her non-selection. The claim was included in the EEOC charge, and as such, it is properly before this Court.").

Administrative Judge.  Furthermore, the EEO and defendant were fairly put on notice of the sex discrimination claims at the settlement conference, in plaintiff's Pre-Hearing Statement and in the letter from plaintiff's counsel of April 20, 2009.  That the EEO chose not to investigate the sex discrimination claims in light of plaintiff's amendment before issuing its Final Agency Decision does not preclude plaintiff from filing his sex discrimination claim in this Court.[7]

I will deny defendant's motion for summary judgment on plaintiff's claim for sex discrimination and for that portion of his retaliation claim based on sex discrimination.

## II.     Retaliation Based on Assignment to Southeast Facility

Defendant also moves for summary judgment with respect to any claims based on plaintiff's second EEO complaint related to his assignment to the Southeast Facility.  He argues his complaint in this Court was not timely filed.  Plaintiff concedes that his complaint was untimely.[8]  Therefore, I will grant defendant's motion for summary judgment on any claim of reprisal based on the reassignment to the Southeast Facility.

## III.    Plaintiff's Claims Based on Alleged Discrimination and/or Retaliation Occurring Prior to October 12, 2007 and After March 3, 2008.

---

[7]     It is unclear whether the investigation period could "re-open" when plaintiff amended his EEO complaint.  The regulations provide that "[w]hen a complaint has been amended, the agency shall complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint . . . ."  29 C.F.R. § 1614.106(e)(2).  Here, the investigation had already closed.  Furthermore, if the amendment occurred on March 28, 2009–the date the Pre-Hearing Statement was filed–then 360 days would already have elapsed from the date that the original EEO complaint was filed.

[8]     Plaintiff "agrees with Defendant's Motion to Dismiss the Retaliation claim that deals with observing dispatch duties."  Pl. Opp. Mot. Summ. J., 1.  Furthermore, the parties' Stipulation states "plaintiff does not rely on the following allegations as a basis for alleged liability: (a) The allegation that plaintiff was wrongfully forced to observe the Southeastern Facility (Complaint, ¶ 21) . . . ."  It is clear that even if plaintiff had alleged a claim based on his reassignment to the Southeast Facility he has abandoned it.

As stated above, a plaintiff must exhaust his administrative remedies prior to filing a complaint in this Court. Part of the administrative process includes meeting with an EEO counselor within 45 days of the discriminatory action. The pertinent federal regulations provide:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
>
> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105. "A federal employee's obligation to initiate contact with an EEO counselor functions akin to a statute of limitations, such that a failure to comply with this requirement may render a claim time-barred." Brown v. Norton, Civ. A. No. 02-5556, 2008 WL 2228704, at *5 (D.N.J. May 28, 2008) (citing Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997)).

Defendant argues that plaintiff failed to exhaust his administrative remedies with respect to (1) alleged acts of discrimination which occurred more than 45 days prior to his contacting an EEO counselor as well as (2) the alleged acts which occurred after he filed the EEO complaint. Plaintiff alleges that "[t]his case involves the period of late 2006, 2007 and early 2008," that his

14

hiring requests were made during this period and that an additional hiring request for a custodian was made on January 1, 2009. Specifically, "[f]rom May 31, 2006 to November 27, 2007 . . . [p]laintiff submitted 22 requests for staffing. After November 2007, and up to March 2008, [p]laintiff submitted an additional nine requests for staffing." Plaintiff contacted the EEO for an appointment with a counselor on November 27, 2007. Plaintiff "agrees with Defendant's Motion to Dismiss . . . the claim that deal [sic] with the failure to obtain a replacement for the custodian position." Pl. Opp. Mot. Summ. J., 1. The parties' Stipulation states, "plaintiff does not rely on the following allegations as a basis for alleged liability: . . . (b) The allegation that plaintiff's hiring of a custodian in early 2009 was improperly delayed or denied (Complaint ¶ 22)." The footnote to this sentence states, "[d]efendant has also moved to dismiss any of the plaintiff's claims that are based on actions that occurred prior to October 12, 2007. Plaintiff has not conceded that such claims must be dismissed."

In order to exhaust his administrative remedies, plaintiff was required to initiate contact with an EEO counselor within 45 days of the date of the act alleged to be discriminatory, i.e. the date each hiring request was denied.[9] There is no reason why the 45 day limit should have been extended for plaintiff. Plaintiff does not argue or demonstrate that he was not notified of the time limits and was not otherwise aware of them or that despite due diligence he was prevented by circumstances beyond his control from contacting the EEO counselor within the time limits. He

---

[9] See Dela Cruz, 521 F. Supp. 2d at 433 ("When an employee alleges 'serial violations,' i.e. a series of actionable wrongs, a timely EEO charge must be filed with respect to each discrete alleged violation.") (citing Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, 638, 127 S. Ct. 2162, 167 L. Ed. 2d 982 (2007)). Plaintiff does not dispute that each denial of his hiring requests was a "discrete alleged violation." While plaintiff provided the dates on which each hiring request was made he has not provided the dates the requests were denied. The latter is the relevant date for determining when the discriminatory action occurred.

admits that he knew the alleged discriminatory acts occurred.

Accordingly, I will grant defendant partial summary judgment with respect to all claims of discriminatory conduct or retaliation which occurred on or prior to October 12, 2007–which is 45 days prior to his EEO counseling appointment.[10] Furthermore, after he filed his March 3, 2008 EEO complaint, plaintiff did not contact an EEO counselor regarding any other hiring requests which were denied. Therefore, I will grant defendant summary judgment with respect to all claims of discriminatory conduct or retaliation occurring after March 3, 2008, including those related to the custodian in January 2009. Thus, the remaining claims are those alleged acts of discrimination and retaliation which occurred after October 12, 2007 through March 3, 2008.

An appropriate Order follows.

---

[10] As discussed in footnote 9 supra, plaintiff has not provided the dates on which his hiring requests were denied. Accordingly, those hiring requests made on or prior to October 12, 2007 are not time-barred if the denial of the request occurred after October 12, 2007.